IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03155-GPG

JAMES PLANTE,

      Plaintiff,

v.

WELD COUNTY DISTRICT COURT,
SARAH E. McCUTCHEON,
DETECTIVE JARAD WEEKS,
DETECTIVE WENDY STEWARD,
THE GREELEY POLICE DEPARTMENT,
JUDGE KOPCOW,
JOHN WALSH (Attorney P.D.),
KATHY HEFFRON (Attorney P.D.),
THE WELD COUNTY PUBLIC DEFENDER'S OFFICE,
MICHAEL VEAGUS (Guard at Jail),
MR. EGGERS (person who denied grievance),
CORRECT CARE SOLUTIONS,
DR. MARGO GEPPERT,
KIRSTEN (nurse who refused me medication), and
THE WELD COUNTY JAIL,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James Plante, is an inmate at the Weld County Jail in Greeley,

Colorado.  Mr. Plante has filed *pro se* a Prisoner Complaint (ECF No. 1).  The court

must construe the Prisoner Complaint liberally because Mr. Plante is not represented

by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for

a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Plante will be ordered to file an

amended complaint if he wishes to pursue any claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

It appears that Mr. Plante is asserting claims for damages pursuant to 42 U.S.C. § 1983.  Although Mr. Plante also refers to the Americans with Disabilities Act ("ADA"), he does not specifically assert any claim pursuant to the ADA.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state

2

actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  The named Defendants are the Weld County District Court, a state court judge, a prosecuting attorney, the Weld County Public Defender's Office, two public defenders, the Greeley Police Department, two individual Greeley police officers, the Weld County Jail, two jail employees, the medical provider for the Weld County Jail, and two individual medical providers at the Weld County Jail.

Mr. Plante fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to identify the specific federal claims he is asserting against each Defendant and he fails to provide factual allegations in support of his claims that specify how his federal rights have been violated.  Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Plante will be ordered to file an amended complaint that provides fair notice of the claims he is asserting if he wishes to pursue those claims in this action.  Mr.

3

Plante must identify, clearly and concisely, the specific federal claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Mr. Plante may not sue his public defenders in an action pursuant to § 1983 because defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Of course, a defense attorney engaged in a conspiracy with state officials to deprive his client of his constitutional rights does act under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920-23 (1984); *Hunt*, 17 F.3d at 1268. However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v.*

4

*McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (per curiam).  Furthermore, to the extent

Mr. Plante may seek to demonstrate state action on the basis of an alleged conspiracy

with state officials who themselves are entitled to absolute immunity, the pleading

standard is even stricter.  *See id.*

Mr. Plante also may not sue a state court judge or a prosecuting attorney in the

absence of specific factual allegations demonstrating they acted outside the scope of

their absolute immunity.  Judges are absolutely immune from liability in civil rights suits

for money damages for actions taken in their judicial capacity unless the judge was

acting in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12

(1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d

1263, 1266-67 (10th Cir. 1994).  Similarly, "acts undertaken by a prosecutor in preparing

for the initiation of judicial proceedings or for trial, and which occur in the course of his

[or her] role as an advocate for the State, are entitled to the protections of absolute

immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Mr. Plante also may not include claims in his amended complaint against a

county or other municipal entity unless he demonstrates he suffered an injury caused

by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*,

717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for

municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

To the extent Mr. Plante is asserting a claim or claims against a state entity, the

claims are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 66 (1989).  To the extent Mr. Plante may be asking the court to

intervene in his ongoing state court criminal case, the court must abstain from

exercising jurisdiction over those claims.  *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

Finally, Mr. Plante may not combine in one action separate and unrelated claims against different groups of Defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Thus, Mr. Plante may not include in one action his claims arising out of his arrest and his state court prosecution and the conditions of his confinement at the Weld County Jail.  Accordingly, it is

ORDERED that Mr. Plante file, **within thirty (30) days from the date of this order**, an amended complaint that as directed in this order.  It is

FURTHER ORDERED that Mr. Plante shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Plante fails within the time allowed to file an

amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED November 24, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge