IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03155-GPG

JAMES PLANTE,

    Plaintiff,

v.

WELD COUNTY DISTRICT COURT,
GREELEY POLICE DEPARTMENT,
DET. WEEKS,
STEWARD,
THE WELD COUNTY SHERIFF'S OFFICE,
MICHAEL GOMEZ,
CORRECTIVE CARE SOLUTIONS,
DR. MARGO GEPPERT,
NURSE KIRSTEN,
MICHAEL VEAGUS, Guard,
SHUETT, Guard,
AGUIRRE, Commander,
MR. EGGERS,
CULPEPPER, Guard,
KOPPUS, Guard,
MR. ROSEBOCK, and
MR. FARNEY, Guard,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, James Plante, is an inmate at the Weld County Jail in Greeley, Colorado. Mr. Plante initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On November 24, 2014, the court ordered Mr. Plante to file an amended complaint that complies with the pleading and joinder requirements of the Federal Rules of Civil Procedure. On December 24, 2014, Mr. Plante filed an amended Prisoner Complaint

(ECF No. 15).  On January 12, 2015, Mr. Plante filed another document (ECF No. 19) making additional amendments to his claims in this action.

The court must construe Mr. Plante's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Plante will be ordered to file a second amended complaint if he wishes to pursue his claims.

The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint is deficient.  For one thing, Mr. Plante fails to provide an address for each named Defendant.  Mr. Plante must provide a complete address for each named Defendant so that each Defendant may be served properly.  Mr. Plante also should list each Defendant on a separate line in the caption of the second amended complaint in order to clarify exactly who he is suing.

More importantly, the amended Prisoner Complaint is deficient because Mr. Plante still fails to comply with the pleading and joinder requirements of the Federal Rules of Civil Procedure.  However, because it appears that Mr. Plante has made some effort to comply with the court's prior order to amend, he will be given one more opportunity to file a proper pleading in this action.

The amended Prisoner Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure because Mr. Plante still fails to provide a clear and concise statement of each claim he is asserting in this action that demonstrates he is entitled to relief.  Instead, Mr. Plante provides an abundance of disorganized and

generally vague and conclusory factual allegations without making clear what specific claims he is asserting against each named Defendant and what specific facts support each asserted claim. Portions of the amended Prisoner Complaint also are difficult to read because of the size of Mr. Plante's handwriting. Furthermore, Mr. Plante may not litigate his claims in piecemeal fashion, which he attempts to do by making additional amendments in the document (ECF No. 19) filed on January 12. In short, Mr. Plante places an unreasonable burden on the court and Defendants to identify and respond to his claims in this action.

Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, neither the court nor the Defendants are required to guess in order to determine what specific claims are being asserted and what specific factual allegations support each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In order to comply with the pleading requirements of Rule 8 Mr. Plante must

present his claims clearly and concisely in a manageable format in one document that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. For each claim he asserts in the second amended complaint Mr. Plante "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). However, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Plante is reminded that he may not include claims in his second amended complaint against a county or other municipal entity unless he alleges facts that demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Mr. Plante also is reminded that, to the extent he may be asking the court to intervene in his ongoing state court criminal case, the court must abstain from exercising jurisdiction over those claims. *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

With respect to the joinder requirements of the Federal Rules of Civil Procedure, Mr. Plante also may not combine separate and unrelated claims against various

Defendants in one action.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Mr. Plante does not allege facts that demonstrate his claim or claims regarding his arrest properly may be joined in one action with his claims regarding his medical treatment and the conditions of his confinement at the Weld County Jail.  If Mr. Plante persists in including improperly joined claims in a single action, the court will sever the claims into separate actions.  Accordingly, it is

ORDERED that Mr. Plante file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading and joinder requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Plante shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Plante fails within the time allowed to file a

second amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED January 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge