IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03155-GPG

JAMES PLANTE,

    Plaintiff,

v.

WELD COUNTY DISTRICT COURT,
GREELEY POLICE DEPARTMENT,
DET. WEEKS,
STEWARD,
THE WELD COUNTY SHERIFF'S OFFICE,
MICHAEL GOMEZ,
CORRECTIVE CARE SOLUTIONS,
DR. MARGO GEPPERT,
NURSE KIRSTEN,
MICHAEL VEAGUS, Guard,
SHUETT, Guard,
AGUIRRE, Commander,
MR. EGGERS,
CULPEPPER, Guard,
KOPPUS, Guard,
MR. ROSEBOCK, and
MR. FARNEY, Guard,

    Defendants.

## ORDER

This matter is before the Court on two motions (ECF Nos. 17 & 22) filed *pro se* by Plaintiff, James Plante, seeking either a preliminary injunction or temporary restraining order.  The Court must construe the motions liberally because Mr. Plante is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

Mr. Plante is an inmate at the Weld County Jail in Greeley, Colorado.  He initiated this action by filing a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  On December 24, 2014, Mr. Plante filed an amended Prisoner Complaint (ECF No. 15).  On January 28, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Plante to file a second amended Prisoner Complaint that complies with the pleading and joinder requirements of the Federal Rules of Civil Procedure.  Among other deficiencies, Magistrate Judge Gallagher noted that Mr. Plante's disorganized and generally vague and conclusory factual allegations do not provide a clear and concise statement of the specific claims for relief he is asserting in this action.  Mr. Plante has not yet filed a second amended complaint as directed.

A party seeking a preliminary injunction must show:  (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status

quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).  Thus, Mr. Plante "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  Therefore, Mr. Plante "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heideman*, 348 F.3d at 1189.  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Plante's motions seeking preliminary injunctive relief address a variety of

topics.  He contends that jail officials have interfered with his legal mail, he has been denied adequate medical treatment for a number of medical issues, he has no access to a law library, and he has been denied access to discovery and other materials in his criminal case.  However, Mr. Plante fails to allege specific facts that demonstrate he will suffer irreparable injury if the motions are denied.  Furthermore, the absence of specific factual allegations to demonstrate irreparable injury is compounded by the fact that Mr. Plante has not yet filed a pleading that provides a short and plain statement of his claims in this action.  "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Accordingly, it is

ORDERED that the motions (ECF Nos. 17 & 22) for a preliminary injunction or temporary restraining order are denied.

DATED at Denver, Colorado, this  9th  day of    February    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4