IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03155-GPG

JAMES EUGENE PLANTE,

    Plaintiff,

v.

THE STATE OF COLORADO,
ITS EMPLOYEES,
THE WELD COUNTY JAIL,
ITS EMPLOYEES,
CORRECT CARE SOLUTIONS, and
ITS EMPLOYEES,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, James Plante, is an inmate at the Weld County Jail in Greeley, Colorado. Mr. Plante initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 asserting claims against a number of individuals and entities. On November 24, 2014, Magistrate Judge Gordon P. Gallagher ordered Mr. Plante to file an amended complaint that complies with the pleading and joinder requirements of the Federal Rules of Civil Procedure and he provided specific and detailed instructions to Mr. Plante regarding the pleading and joinder requirements.

    On December 24, 2014, Mr. Plante filed an amended Prisoner Complaint (ECF No. 15) asserting claims against a number of individuals and entities and on January 12, 2015, he filed another document (ECF No. 19) making additional amendments to his claims in this action. On January 28, 2015, Magistrate Judge Gallagher ordered Mr.

Plante to file a second amended complaint. Magistrate Judge Gallagher advised Mr. Plante that he may not litigate his claims in piecemeal fashion and that the amended Prisoner Complaint still did not comply with the pleading and joinder requirements of the Federal Rules of Civil Procedure. With respect to the pleading requirements of Rule 8, Magistrate Judge Gallagher determined that Mr. Plante still failed to provide a short and plain statement of his claims showing he is entitled to relief because his disorganized and generally vague and conclusory factual allegations did not make clear what specific claims he was asserting against each named Defendant or what specific facts supported each asserted claim. Although the amended Prisoner Complaint did not comply with the prior order to amend, Magistrate Judge Gallagher determined Mr. Plante had made some effort to comply and should be given one more opportunity to file a proper pleading in this action. Magistrate Judge Gallagher again provided specific and detailed instructions to Mr. Plante regarding the pleading and joinder requirements of the Federal Rules of Civil Procedure. On February 11, 2015, Mr. Plante filed a second amended Prisoner Complaint (ECF No. 24). On March 5, 2015, Mr. Plante filed a third amended Prisoner Complaint (ECF No. 26).

The Court must construe the third amended Prisoner Complaint liberally because Mr. Plante is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the third amended Prisoner Complaint because Mr. Plante is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is

required to dismiss the third amended Prisoner Complaint, or any portion of the third amended Prisoner Complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the third amended Prisoner Complaint in part pursuant to § 1915A(b).

Mr. Plante alleges in the third amended Prisoner Complaint that he has been denied adequate medical treatment since January 28, 2014, at the Weld County Jail and that Defendant Correct Care Solutions is the medical services provider at the Weld County Jail.  Mr. Plante asserts his claims pursuant to 42 U.S.C. § 1983.  As relief he seeks damages from the State of Colorado, the Weld County Sheriff's Office, Correct Care Solutions, and four individuals who are not specifically identified as Defendants in the caption of the third amended Prisoner Complaint.  Instead, Mr. Plante refers in the caption of the third amended Prisoner Complaint to unidentified employees of the State of Colorado, the Weld County Jail, and Correct Care Solutions.  The individuals identified by Mr. Plante in his request for relief are Michael Veagus, a guard who allegedly found Mr. Plante in pain on the floor; a nurse practitioner identified as Czander who allegedly diagnosed Mr. Plante as malingering instead of treating his pain; Chief Geesaman, a jail official who allegedly denied Mr. Plante's grievances; and Dr. Geppert, who allegedly misdiagnosed Mr. Plante and refused to treat him.

Mr. Plante's vague and conclusory allegations in his request for relief are not sufficient to state an arguable claim for relief against Michael Veagus, Czander, Chief

Geesaman, or Dr. Geppert.  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Plante specifically was advised in the orders directing him to file amended complaints that he must identify the specific federal claims he is asserting and the specific factual allegations that support each claim.  See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Mr. Plante also was advised that he must allege specific facts that demonstrate how each individual he is suing personally participated in the asserted constitutional violations.  Despite these instructions, Mr. Plante fails to allege specific facts in support of his medical treatment claims that demonstrate any of the four individuals from whom he seeks damages, or any other unnamed employee of the State of Colorado, the Weld County Jail, and Correct Care Solutions, was deliberately indifferent to his serious medical needs.  See *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Therefore, whatever claims Mr. Plante is asserting against the named individuals from whom he seeks damages and the unidentified employees referenced in the caption of the third amended Prisoner

4

Complaint are legally frivolous and must be dismissed.

Mr. Plante also may not sue the State of Colorado for damages in this 42 U.S.C. § 1983 action because whatever claims he is asserting against the State of Colorado are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Therefore, the State of Colorado will be dismissed as a party to this action.

The Court will not address at this time the merits of the Eighth Amendment claim against the Weld County Jail and Correct Care Solutions. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claims against the State of Colorado, the four individuals specified in the request for relief, and the unidentified employees listed as Defendants in the caption of the third amended Prisoner Complaint (ECF No. 26) are dismissed pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that the State of Colorado and the unidentified employees listed as Defendants in the caption of the third amended Prisoner Complaint (ECF No. 26) are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this   13th   day of     March      , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court