IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03155–WJM–KMT

JAMES EUGENE PLANTE,

    Plaintiff,

v.

THE WELD COUNTY JAIL,
ITS EMPLOYEES,
CORRECT CARE SOLUTIONS, and
ITS EMPLOYEES,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

This matter is before the court on two letters filed by Plaintiff asking for various forms of relief. (Doc. Nos. 53 and 54.) The letters, construed as motions, are **DENIED**.

First, as the court previously advised Plaintiff (Doc. No. 42), he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Colorado. These rules require that parties to civil litigation file motions when they seek relief from the Court. Fed. R. Civ. P. 7(b)(1) (A request for a court order must be made by motion....); D.C.COLO.L.Civ.R 7.1.

A *pro se* litigant is required to follow the same rules of procedure and orders of the court that govern other litigants. *Oklahoma Federated Gold and Numismatics v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994)(internal citation omitted). *Pro se* litigants must "comply with the fundamental requirements of the Federal Rules of Civil [ ] Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10h Cir. 1994). The fact that a party is appearing *pro se* does not relieve that individual from the obligation of complying with all applicable rules of the court. *Colorado v. Carter*, 678 F. Supp. 1484, 1490 (D. Colo. 1986). Any future letters filed by Plaintiff will be stricken.

Second, to the extent Plaintiff seeks counsel to represent him, civil litigants have no constitutional right to counsel. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

However, the court has discretion to request an attorney to represent an incarcerated, *pro se* plaintiff who is unable to afford private counsel. 28 U.S.C. § 1915(e)(1). A *pro se* plaintiff's request for the appointment of counsel must be evaluated in light of "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Imprisonment and limited knowledge of the law are not unique and therefore do not constitute the special circumstances requiring the appointment of counsel. Moreover, the court finds that Plaintiff's claims are not particularly complex, novel, or difficult to analyze. Given the liberal standards governing *pro se* litigants, it appears that Plaintiff adequately can present his case without the assistance of counsel at this time. On balance, these considerations weigh against an appointment of counsel.

Dated: April 28, 2015