IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03155–WJM–KMT

JAMES EUGENE PLANTE,

     Plaintiff,

v.

THE WELD COUNTY JAIL, and
CORRECT CARE SOLUTIONS,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on "Defendant Correct Care Solutions' Motion to Dismiss in Lieu of An Answer" (Doc. No. 48 [Correct Care's Mot.], filed April 20, 2015) and "Defendant Weld County's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. No. 51 [Weld Cnty.'s Mot.], filed April 24, 2015). Plaintiff did not file a response to either motion.

### STATEMENT OF THE CASE

     Plaintiff, proceeding *pro se*, asserts claims for deliberate indifference to his medical needs in violation of the Eighth Amendment. (*See* Doc. No. 26 [Compl.], filed March 5, 2015). Specifically, Plaintiff alleges Defendant Weld County Jail[1] and Defendant Correct Care

---

[1] Plaintiff may not sue Defendant Weld County Jail. The jail is not a separate entity from Weld County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814–16 (D.Colo.1991). The claims asserted against the jail must be considered as asserted against Weld County.

Solutions ("CCS"), the jail's medical service provider, have failed to give him medication and proper medical treatment since January 28, 2014.  (*Id.* at 3.)  Plaintiff alleges he was "left in extream [sic] pain, misdiagnosed, denied medication and medical care until 4-17-14 where [he] went to N.C.M.C."  (*Id.*)  Plaintiff also alleges he has waited for over one year for treatment for his right eye, he has waited for a CT scan for over one year, and he has been "waiting for cysts on both legs now for 1 ½ months."  (*Id.* at 4.)

Both defendants move to dismiss Plaintiff's Complaint in its entirety.

## STANDARDS OF REVIEW

### A.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.      *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679–81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

Both defendants argue Plaintiff's claims against them should be dismissed because Plaintiff fails to plead any basis for imposition of municipal liability. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Supreme Court has held that a municipality may not be held liable under § 1983 unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). "[T]he municipality must have had an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215 (10th Cir. 2003) (citations omitted). In order to establish municipal liability, "a plaintiff must show (1)

4

the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996).  The Tenth Circuit has held that traditional municipal liability principles apply to claims brought pursuant to § 1983 against private corporations. *Dubbs*, 336 F.3d at 1216 (citing cases).

Plaintiff's Complaint is devoid of any allegation that either of the defendants maintains any custom or policy relevant to his claims.  Moreover, to the extent Plaintiff seeks to hold CCS responsible for the acts of its employees (*see* Compl. at 7), "a private actor cannot be held liable solely because it employs a tortfeasor–or, in other words, . . . cannot be held liable under § 1983 on a respondeat superior theory." *Dubbs*, 336 F. 3d at 1216 (citing *Monell*, 436 U.S. at 691 (emphasis in original)).  Plaintiff has not pleaded facts that suggest either defendant might be liable for the alleged violations. *Iqbal*, 556 U.S. at 662.

Defendants' motions to dismiss should be granted for Plaintiff's failure to state a claim upon which relief can be granted.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant Correct Care Solutions' Motion to Dismiss in Lieu of An Answer" (Doc. No. 48) and "Defendant Weld County's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. No. 51) be **GRANTED** and that this case be dismissed in its entirety.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-*

*Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of February, 2016.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge